UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONICA SWIFT MANNING, <br> on behalf of R.M., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, <br> Acting Commissioner of Social Security, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 4:18CV438 RLW <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 9). Plaintiff filed a Complaint for Judicial Review of Decision of the Commissioner of Social Security on March 21, 2018. Upon review of the motion the record before the Court, Plaintiff's motion will be denied.

"'Indigent civil litigants do not have a constitutional or statutory right to appointed counsel.'" *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (quoting *Edgington v. Missouri Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995)). When determining whether to appoint counsel for an indigent plaintiff, the Court should consider the factual and legal complexity of the case, the existence of conflicting testimony, and the ability of the indigent person to investigate the facts and present her claim. *Id.* (citing *Swope v. Cameron*, 73 F.3d 850, 852 (8th Cir. 1996)).

Upon review of Plaintiff's Complaint, Defendant's Answer, and the Administrative Transcript, the Court finds that appointment of counsel is not warranted in this case.

First, the facts of this case are not complex. Plaintiff seeks judicial review of the ALJ's finding that R.M.'s disability ended as of December 10, 2015. The undersigned notes that Defendant has submitted the administrative record in this cause, which includes the transcript of the hearing before the ALJ and the medical records upon which the ALJ relied in rendering the decision. In light of this record, the undersigned anticipates no conflicting testimony.

Additionally, review of the administrative record and the Complaint demonstrates that Plaintiff is able to identify R.M.'s impairments, limitations, and whether medical improvement has not occurred, as asserted. Plaintiff seeks review of an adverse determination by the Social Security Administration, and such review requires this Court to determine "whether the ALJ's decision 'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). A challenge to such an adverse ruling does not involve overly complex issues of law. Because the factual nature and the legal issues of this case are not complex, the Court finds that at this time Plaintiff is able to adequately present her claims on behalf of R.M. to the Court. To the extent that Plaintiff believes counsel is necessary, the Court notes that there are several legal aid organizations in the St. Louis area which represent Social Security disability claimants.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 9) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall serve and file her Brief in Support of the Complaint no later than November 9, 2018, and the Commissioner shall serve and file a brief no later than December 10, 2018, unless either party requests leave for an extension of time upon a showing of good cause.

Dated this 26th day of September, 2018.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**